UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD LAWRENCE, ) | NO. ED CV 15–01077-VBF (AGR) |
| Petitioner, ) | ORDER Referring Second-or-Successive Habeas Corpus Petition to U.S. Court of Appeals per Ninth Circuit Rule 22-3(a); |
| v. ) | |
| RON RACKLEY, Warden, ) | Dismissing Said Habeas Petition Without Prejudice for Lack of Subject-Matter Jurisdiction; and |
| Respondent. ) | |
| ) | Denying a Certificate of Appealability |

On May 26, 2015, James Edward Lawrence ("petitioner") constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. section 2254 ("petition").[1] Petitioner challenges his March 2, 2010 Los Angeles County Superior Court conviction for robbery in violation of California Penal Code section 211. *See* Petition at 2. For the reasons that follow, the Court will "refer" this petition to the United States Court of Appeals for the Ninth Circuit for consideration as an application for leave to file a second-or-successive habeas corpus petition attacking the same conviction/sentence, as required by Ninth Circuit Rule 22-3(a).

---

[1] The Clerk's Office docketed the habeas petition with a file date of June 1, 2015. By virtue of the Prison Mailbox Rule, however, petitioner is deemed to have filed the petition on the date when he tendered it to prison authorities for mailing. Absent evidence to the contrary, the Court assumes that petitioner tendered the habeas petition to prison authorities for mailing on the date that he signed the petition and the accompanying certificate of service, May 26, 2015.

The Court will then dismiss the petition without prejudice for lack of subject-matter jurisdiction, enter judgment accordingly, and deny petitioner a certificate of appealability.

**PROCEDURAL HISTORY**

Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the records in petitioner's prior federal habeas corpus action in the United States District Court for the Central District of California, *James Edward Lawrence, Petitioner v. Trimble (Warden), Respondent*, Case No. ED CV 11-01687-VBF-AGR ("*Lawrence I*").

In 2010, Petitioner was convicted of robbery and sentenced to an indeterminate term of 35 years to life in state prison under California's Three Strikes law. (Petition at 2.)

In *Lawrence I*, Petitioner challenged the same conviction.[2] The United States Magistrate Judge assigned to the case issued a Report and Recommendation ("R&R") issued on January 23, 2013, recommending that the petition be denied and the action dismissed with prejudice. *See* Case Management / Electronic Case Filing System Document ("Doc") 14 at 11. Petitioner timely filed objections (Doc 16) on February 11, 2013, and respondent did not exercise his right to file a response to those objections. On March 4, 2013, the Court issued an Order accepting the findings and recommendation of the United States Magistrate Judge, denying the habeas petition, and dismissing the action with prejudice (Doc 17), a separate order denying a certificate of appealability ("COA") (Doc 19), and a separate final judgment in favor of the respondent and against the petitioner (Doc 18). Petitioner did not move for reconsideration or relief from judgment in this Court. Petitioner filed a notice of appeal and a request for COA with the United States Court of Appeals for the Ninth Circuit ("the Circuit") on April 2, 2013 (Docs 21-22), and the Circuit issued an Order on February 11, 2014 (Doc 26) likewise denying him a COA.

**DISCUSSION**

The petition was filed after the effective date of the Antiterrorism and Effective Death

---

[2] According to the Report and Recommendation in *Lawrence I*, Petitioner was sentenced to 31 years to life in state prison. *Id.*, Dkt. No. 14 at 2.

Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059 (1997).

The AEDPA provides, in pertinent part: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A district court does not have jurisdiction to consider a "second or successive" petition absent authorization from the Ninth Circuit. *Burton v. Stewart*, 549 U.S. 147, 152, 127 S. Ct. 793 (2007); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.") (citation and quotation marks omitted).

Here, the Petition is a second or successive petition challenging the same conviction and sentence imposed by the same judgment of the state court as in *Lawrence I*. *See McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) ("We hold that the dismissal of a habeas petition as untimely constitutes a disposition on the merits and that a further petition challenging the same conviction would be 'second or successive' for purposes of 28 U.S.C. § 2244(b)."); *see also Brandon v. Los Angeles County Sup. Ct.*, 2015 WL 1541567, *3 (C.D. Cal. April 2, 2015) (same).

Before filing the Petition here, Petitioner appealed the trial court's denial of his petition for discretionary three strikes resentencing under Cal. Penal Code § 1170.126. (Petition, Ex. B at 1.) Petitioner also argued that he was entitled to resentencing under *People v. Vargas*, 59 Cal. 4th 635, 637, 328 P.3d 1020 (Cal. 2014) (holding that two prior convictions arising out of a single act against a single victim cannot constitute two strikes). (Petition, Ex. B at 3-4.) On February 26, 2015, the California Court of Appeal affirmed. (*Id.* at 1.) On April 6, 2015, Petitioner filed a petition for review in the California Supreme Court. (Petition, First Attachment (file-stamped petition for review).) Of the two claims raised before the California Court of Appeal, petitioner raised only one in his petition for review, the *Vargas* claim. (*Id.* at 3.) On May 13, 2015, the California Supreme Court denied review. (Petition, Ex. B.)

In the petition here, Petitioner raises only the *Vargas* claim that he raised before the California Supreme Court. (Petition at 5.) Thus, the crux of the habeas petition is that petitioner is

3

entitled to retroactive relief based on *Vargas*. The Court is not authorized to rule on petitioner's claim.³ Petitioner must request leave from the Ninth Circuit to file a second or successive petition.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

**Here, summary dismissal is warranted. Absent advance authorization from the U.S. Court of Appeals for the Ninth Circuit, petitioner may not bring another habeas corpus petition challenging his conviction and/or sentence in this court.** *See* 28 U.S.C. § 2244; *see also Burton v. Stewart*, 549 U.S. 147, 157 (2007). The Court *must* dismiss the petition for lack of subject-matter jurisdiction. *See United States v. Washington*, 653 F.3d 1057, 1063-64 (9th Cir. 2011) (framing the issue as whether the prisoner's motion was "a . . . second or successive [28 U.S.C.] § 2255 [habeas] motion that we must dismiss for lack of jurisdiction"); *see, e.g., Ramirez v. Fox*, 2014 WL 7149524, *1 (C.D. Cal. Dec. 12, 2014) (Philip Gutierrez, J.) ("Because Petitioner has not sought and obtained permission from the appropriate Court of Appeals to file a second or successive petition, this Court lacks jurisdiction and the petition *must* be dismissed.") (emphasis added), *appeal filed* (9th Cir. Feb. 2, 2015) (No. 15-55180).

"'Dismissal shall be without prejudice to petitioner's right to file a future, properly authorized, successive petition.'" *Taylor v. Figueroa*, No. ED CV 15-01187-VBF-PJW Doc. 3, – F. Supp.3d – (C.D. Cal. July 13, 2015) (quoting *Nichols v. State*, – F. Supp.3d –, 2015 WL 4092057, *6 (S.D. Ill. July 6, 2015)) (internal brackets omitted); *see also United States v. Wilson*, 950 F. Supp.2d 90,

---

³

Petitioner is clearly not entitled to the exception outlined in 28 U.S.C. § 2244(b)(2), which provides that a new claim presented in a second or successive petition must be dismissed unless it satisfies one of two requirements. Either, a petitioner must show that the new "claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the [United States] Supreme Court, that was previously unavailable" (§ 2244(b)(2)(A)), or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence . . . and . . . the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have the petitioner guilty of the underlying offense." (§ 2244(b)(2)(B)).

96 (D.D.C. 2013) (noting that habeas petitioner was "not necessarily denied collateral review of the issues raised in the motion. He simply has to seek permission from the . . . Circuit before pursuing his claims in this Court.").

## THIS PETITION MUST ALSO BE "REFERRED" TO THE U.S. COURT OF APPEALS

Ninth Circuit Rule 22-3(a) clearly states, in pertinent part, "[i]f a second or successive petition or motion, or an application for authorization to file such a petition or motion, is mistakenly submitted to the district court, the district court *shall* refer it to the court of appeals." Emphasis added. **It is a venerable principle of construction that the word "shall" indicates that the action is mandatory**. *See Sebelius v. Auburn Regional Med. Ctr.*, – U.S. –, 133 S. Ct. 817, 824 (2013); *Gonzales v. Thaler*, – U.S. –, 132 S. Ct. 641 (2012); *Nat'l Ass'n of Homebuilders v. Defenders of Wildlife*, 544 U.S. 644, 661, 127 S. Ct. 2518 (2007). "Therefore, when confronted with a second or successive habeas petition attacking the same conviction or sentence as a prior federal habeas petition which was denied on the merits, a district court has no choice but to 'refer' the petition to the U.S. Court of Appeals for the Ninth Circuit." *Smith v. United States*, ED CV 11-00521-VBF Doc. 29 at 9 (C.D. Cal. July 23, 2014). Failure to do so would violate the plain language of Ninth Circuit Rule 22-3(a).

**The question then arises whether the Court can both "refer" this petition to the U.S. Court of Appeals for the Ninth Circuit and then dismiss the action here without prejudice due to petitioner's failure to obtain leave from the Circuit to file a second-or-successive habeas petition.** Petitioner's failure to obtain leave to file from the Circuit justifies dismissal without prejudice, and Ninth Circuit Rule 22-3(a) plainly requires the Court to refer the petition to the Circuit. "'Perceiving no legal or practical conflict between these two courses of action, the Court will continue its . . . practice of both dismissing the petition and referring it to the Circuit.'" *Taylor v. Gonzales*, 2014 WL 4826167, *3 (C.D. Cal. Aug. 27, 2014) (quoting *Batchelor v. Yates*, No. LA CV 09-01752-VBF Doc. 41 at 9 (C.D. Cal. July 31, 2014) (citations omitted)); *see also, e.g., Cielto v. Hedgpeth*, 2014 WL 1801110 (C.D. Cal. Apr. 23, 2014).

**This is consistent with the practice of at least fifteen other district judges in our district and**

**many magistrate judges in our district.** *See, e.g., Varnado v. Paramo*, 2014 WL 3845137 (C.D. Cal. Aug. 4, 2014) (Otero, J.); *Miller v. Biter*, 2014 WL 3810234 (C.D. Cal. July 31, 2014) (Real, J.); *McKenzie v. Valenzuela*, 2014 WL 3109806 (C.D. Cal. July 7, 2014) (Snyder, J.); *Brock v. Montgomery*, 2014 WL 2812315, *1 (C.D. Cal. June 23, 2014) (O'Connell, J.) ("[T]his action is dismissed without prejudice for lack of jurisdiction because Petitioner did not obtain the requisite authorization from the Court of Appeals to file a successive petition. Further, the Clerk of Court is directed to refer the Current Federal Petition to the United States Court of Appeals . . . pursuant to Ninth Circuit Rule 22-3(a)."); *Perez v. Holland*, 2014 WL 1466857 (C.D. Cal. Apr. 14, 2014) (Carney, J.), *appeal filed*, No. 14-55815 (9th Cir. May 19, 2014); *Castaneda v. Long*, 2014 WL 996490, *1 (C.D. Cal. Mar. 13, 2014) (Anderson, J.); *Blanco v. Valenzuela*, 2014 WL 111453 (C.D. Cal. Jan. 9, 2014) (Walter, J.); *Parham v. Diaz*, 2013 WL 5310760, *1 (C.D. Cal. Sept. 19, 2013) (Klausner, J.); *Reed v. Roe*, 2013 WL 1970240, *1 (C.D. Cal. May 10, 2013) (Wright, J.); *Jones v. Harris*, 2013 WL 1390036, *1 (C.D. Cal. Mar. 15, 2013) (Wilson, J.); *Burts v. Yates*, 2012 WL 3019950, *1 (C.D. Cal. July 23, 2012) (Dean Pregerson, J.); *Jones v. Harrington*, 2012 WL 2573207, *1 (C.D. Cal. June 29, 2012) (Gee, J.); *Goodall v. Marshall*, 2011 WL 6110333 (C.D. Cal. Dec. 2, 2011) (Carter, J.); *Olvera v. Gonzales*, 834 F. Supp.2d 944, 945 (C.D. Cal. 2011) (Hatter, Senior J.); *Henderson v. Walker*, 2011 WL 1706775, *1 (C.D. Cal. May 5, 2011) (Stotler, Senior J.); *see also, e.g., Smith v. Beard*, 2015 WL 2250013 (C.D. Cal. May 12, 2015) (Chooljian, M.J.); *Pace-White v. Johnson*, 2015 WL 1833952 (C.D. Cal. Apr. 10, 2015) (Nagle, M.J.).

## ORDER

Pursuant to 9th Cir. R. 22-3(a), the Court **REFERS** this matter to the U.S. Court of Appeals for the Ninth Circuit for consideration as an application for leave to file a second-or-successive habeas petition.

The Clerk of Court **SHALL SEND** a copy of the habeas corpus petition and a copy of this Order to the U.S. Court of Appeals for the Ninth Circuit.

The Clerk of Court **SHALL PROVIDE** petitioner with U.S. Court of Appeals for the Ninth Circuit Form 12, entitled "Application for Leave to File Second or Successive Petition Under 28

U.S.C. § 2254 or Motion Under 28 U.S.C. § 2255"[4], which is available at http://www.ca9.uscourts.gov/forms/.

This action is then **DISMISSED without prejudice** due to petitioner's failure to obtain leave from the Ninth Circuit to file a second-or-successive habeas corpus petition in this Court.

A Certificate of Appealability is **DENIED**. This is a final order, but it will not be appealable unless petitioner obtains a certificate of appealability from the U.S. Court of Appeals.[5]

As required by FED. R. CIV. P. 58(a), final judgment will be issued by separate document.

IT IS SO ORDERED.

DATED: July 20, 2015

*Valerie Baker Fairbank*

VALERIE BAKER FAIRBANK
United States District Judge

---

[4] *See Walker v. Ryan*, 2014 WL 413055, *2 (D. Ariz. Feb. 4, 2014); *accord Gwyn v. US*, 2014 WL 1330029, *1 (M.D. Fla. Apr. 1, 2014) ("The Clerk of Court is directed to send Petitioner the Eleventh Circuit's application form for leave to file a second or successive § 2255 motion under 28 U.S.C. § 2244(b).").

[5] *See Muth v. Fondren*, 676 F.3d 815, 822 (9th Cir. 2012) (citing 28 U.S.C. § 2253(c)(1)(B)); *see also* FED. R. APP. P. 22(b)(1).